## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ADRIAN J. S.                                    Case No. 26-cv-25 (LMP/DLM)

                        Petitioner,

v.                                                          **ORDER**

JOEL BROTT, *Sheriff, Sherburne*
*County, MN*; SAMUEL OLSON,
*Director of the St. Paul Field Office,*
*U.S. Immigration and Customs*
*Enforcement*; KRISTI NOEM, *Secretary*
*of the U.S. Department of Homeland*
*Security*; and PAMELA BONDI,
*Attorney General of the United States*, *in*
*their official capacities,*

                        Respondents.

Petitioner Adrian J. S. is a native and citizen of Ecuador who entered the United States without inspection in 2022. *See* ECF No. 1 ¶ 15. Adrian J. S. was arrested by immigration officials on December 29, 2025, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 16–17. Adrian J. S. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* ¶ 18. Adrian J. S. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 18–19, 37–47.

This Court has concluded that noncitizens similarly situated to Adrian J. S. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a

bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Adrian J. S. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing. *See* ECF No. 1 ¶¶ 37–47; *id.* at 11.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Thursday, January 8, 2026, certifying the true cause and proper duration of Adrian J. S.'s confinement and showing cause why the writ should not issue in this case;

2.  The Government's answer must include:

    a.  Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Adrian J. S.'s detention in light of the issues raised in his Petition;

    b.  A reasoned memorandum of law and fact explaining the Government's legal position on Adrian J. S.'s claims;

    c.  The Government's recommendation on whether an evidentiary hearing should be conducted; and

      d.     A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3.     If Adrian J. S. intends to file a reply to the Government's answer, he must do so on or before Monday, January 12, 2026; and

4.     No further submissions from either party will be permitted except as authorized by Court order.

Dated: January 5, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

3