# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ADRIAN J. S.,

               Petitioner,

v.

JOEL BROTT, *Sheriff, Sherburne County, MN*; SAMUEL OLSON, *Director of the St. Paul Field Office, U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; and PAMELA BONDI, *Attorney General of the United States*, *in their official capacities,*

               Respondents.

Case No. 26-cv-25 (LMP/DLM)

**ORDER GRANTING HABEAS PETITION**

Danielle Oxendine Molliver, **Nwokocha & Operana Law Offices, Minneapolis, MN**, for Petitioner.

Ana H. Voss and Justin Merak Page, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Adrian J. S. is a native and citizen of Ecuador who entered the United States without inspection in 2022. *See* ECF No. 1 ¶ 15. He has remained law-abiding since entering the United States and has a pending application for asylum. ECF No. 8-1 at 2–3.

---

[1]    When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

Adrian J. S. has valid work authorization through December 12, 2028, and he makes a living through his own construction business.  ECF No. 8-1 at 3; ECF No. 1 ¶ 15.

Adrian J. S. was arrested by immigration officials on December 26, 2025, and remains in the custody of United States Immigration and Customs Enforcement.  *See id.* ¶¶ 16–17; ECF No. 8-1 at 2.  Adrian J. S. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention.  *See* ECF No. 1 ¶ 18.  Adrian J. S. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See id.* ¶¶ 18–19, 37–47. Adrian J. S. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a).  *See* ECF No. 1. The Court ordered the Government to answer the petition no later than January 8, 2026. ECF No. 4.  The Government responded, arguing that Adrian J. S. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 7 at 2; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a).  *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).  The Government's brief offers no material distinction between this case

2

and those cases.  Accordingly, the Court adopts the same reasoning here and concludes that

Adrian J. S. is entitled to a bond hearing under Section 1226(a).[2]

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings

herein, **IT IS HEREBY ORDERED THAT:**

1. Adrian J. S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**

   as follows:

   a. The Court **DECLARES** that Adrian J. S. is not subject to mandatory

      detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention,

      if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

   b. The Government is ordered to provide Adrian J. S. with a bond

      redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his

      release no later than January 15, 2026.

   c. If the Government does not provide Adrian J. S. with a bond

      redetermination hearing as required by this Order, he must be

      immediately released from detention.

   d. No later than January 16, 2026, the Government shall provide the Court

      with a status update concerning the results of any bond hearing conducted

---

[2]    The Court allowed Adrian J. S. to file a reply brief no later than January 12, 2026.
ECF No. 4.  But the Government's response plainly demonstrates that Adrian J. S. is
entitled to relief.  Finding no just cause for delay, the Court enters this Order now.

pursuant to this Order, or if no bond hearing was held, advise the Court

regarding Adrian J. S.'s release.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2026                    *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge

---

[3]      Adrian J. S. sought several other forms of relief in his habeas petition.  To the extent that Adrian J. S. seeks immediate release from custody, ECF No. 1 at 11, that request is denied.  *See Roberto M. F.*, 2025 WL 3524455, at *5.  To the extent that Adrian J. S. seeks an order restraining the Government from removing him from the District of Minnesota before his bond hearing, ECF No. 1 at 11, that request is denied, as Adrian J. S. has not offered any allegations or evidence supporting a risk of that harm occurring.  And to the extent that Adrian J. S. requests an order prohibiting the Government from appealing a favorable bond hearing, *id.*, that request for relief is premature.  If the immigration judge in Adrian J. S.'s case grants bond, and the Government appeals that decision, Adrian J. S. is free to bring another habeas petition challenging any continued detention.  *See Aguilar Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1148–54 (D. Minn. 2025) (considering such a claim).  Finally, the Court need not adjudicate Adrian J. S.'s constitutional and APA claims, ECF No. 1 ¶¶ 37–39, 44–47, given that the Court has ruled for Adrian J. S. on his statutory claim.  *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).